UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/16
```

LESLIE MARIA MEILLEUR,

           Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

No. 15-cv-3744 (RJS) (KNF)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Leslie Maria Meilleur, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 405(g) to appeal the final decision of the Commissioner of Social Security (the "Commissioner") denying her claims for Supplemental Security Income benefits under the Social Security Act. (Doc. No. 2.) On May 26, 2015, the Court referred this matter to the Honorable Debra C. Freeman, Magistrate Judge, for a report and recommendation. (Doc. No. 7.) On December 22, 2015, the Commissioner moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. No. 17.) On January 7, 2016, Plaintiff filed an affirmation in opposition to the Commissioner's motion (Doc. No. 20), which Judge Freeman also construed as a cross motion for judgment on the pleadings in Plaintiff's favor and an award of benefits or, alternatively, remand (Doc. No. 24 at 1).

    Now before the Court is Judge Freeman's report and recommendation, dated August 29, 2016 (Doc. No. 24, the "Report"), recommending that (1) Plaintiff's motion be granted with respect to remand, (2) Defendant's motion be denied, and (3) the case be remanded to the Administrative Law Judge ("ALJ") to (i) "seek to develop the Record by obtaining medical source statements detailing how Plaintiff's mental impairments affect her ability to perform work-related

activities," (ii) "properly weigh the opinions of Plaintiff's treating sources and set out good reasons for any determination that such opinions are not entitled to controlling weight," (iii) make a determination of Plaintiff's credibility that explicitly takes into account the relevant factors," and (iv) "obtain the testimony of a vocational expert, should a re-evaluation of the evidence in light of the above lead to the conclusion that Plaintiff's mental impairments significantly limit the range of work that, based on her exertional capabilities, she would otherwise be able to perform." (Report at 39–40.) In the Report, Judge Freeman informed the parties of the time in which to file objections and advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. (*Id.* at 40–41 (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).) No party has filed objections to the Report, and the time to do so has expired.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When no objections to a report and recommendation are made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Roesch v. Sullivan*, No. 15-cv-247 (PAE) (HBP), 2016 WL 4573991, at *2 (S.D.N.Y. Aug. 31, 2016); *see also Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (same) (citing Fed. R. Civ. P. 72, advisory committee note to 1983 addition). Having reviewed Judge Freeman's comprehensive forty-one-page Report, the Court finds that the reasoning and conclusions set forth therein are not facially or clearly erroneous. The Court thus adopts the Report in its entirety.

Accordingly, IT IS HEREBY ORDERED THAT (1) Plaintiff's motion for judgment on the pleadings is DENIED to the extent she seeks an award of benefits but GRANTED to the extent she seeks remand, (2) the Commissioner's motion for judgment on the pleadings is DENIED, and

(3) this case is REMANDED to the ALJ pursuant to 42 U.S.C. § 405(g).  The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 17 and to close this case.

SO ORDERED.

Dated:      November 17, 2016
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE